Lucius C. Chase & another *vs.* Ira H. Allen.

An answer, in an action of replevin, which avers that the defendant was and is the owner of the property replevied, and denies the plaintiff's right to maintain the action, puts in issue the plaintiff's title to the property.

Replevin. The defendant in his answer averred "that at the time of the supposed taking and detention of the property mentioned in said writ, he the said defendant was the owner of said property and is now the lawful owner of the same, and he denies the right of the plaintiffs to maintain this action."

At the trial in the superior court, before *Brigham,* J., the plaintiffs offered no evidence, but contended, and the judge ruled, that in the absence of evidence they were entitled to a verdict. The defendant called a witness who testified that at the time of the service of the writ the property was in the defendant's possession ; and he contended that this was a good title, and proposed to submit the case to the jury. But the judge ruled that there was nothing for the jury, and directed a verdict for the plaintiffs, which was accordingly rendered. The defendant alleged exceptions.

*S. B. Ives, Jr.,* (*H. G. Johnson* with him,) for the defendant. *G. E. Betton,* for the plaintiffs. In replevin, if the declaration

alleges title in the plaintiff, and the defendant pleads any matter showing a special title or property in himself, he must still traverse the plaintiff's title. *Pringle* v. *Phillips*, 1 Sandf. 292. *Anstice* v. *Holmes*, 3 Denio, 244. *Cooper* v. *Bakeman*, 32 Maine, 192.

BIGELOW, C. J. We are of opinion that the answer did not admit property in the plaintiffs. The denial of the right of the plaintiffs to maintain the action, coupled with a distinct allegation of property in the defendant at the time of the alleged taking and detention, put in issue with substantial certainty the right of property in the plaintiffs, in the articles replevied, and required them to prove sufficient title to enable them to maintain replevin therefor. The general averment in the writ that the articles belonged to the plaintiffs was met and traversed by the allegation in the answer that the title to the property was in the defendant, so that the action could not be maintained by the plaintiffs. It was in substance an admission of the taking and detention, with an avowing of title in the defendant, and a traverse of the plaintiffs' title. The object of the provisions of the practice act was to do away with useless and superfluous allegations and the technical formalities of special pleading, while at the same time they were designed to secure such precision in averments and denials as to bring the parties to a direct issue on the matters in controversy between them. It would not tend to promote these objects to require that in an answer to a writ of replevin, in which the plaintiff according to the prescribed form sets out his title in the most general terms, the defendant should do more than aver an absolute title in himself sufficient to defeat the action, in order to put the plaintiff to proof of his right of property. *Exceptions sustained.*